## Middletown Township *v.* Zoning Hearing Board of Middletown Township etc. Andrew Oser, Appellant.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Harry J. Agzigian,* for appellant.

*Guy T. Matthews,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 31, 1983:

Andrew Oser appeals from an order of the Court of Common Pleas of Bucks County sustaining the appeal of the Township of Middletown (Township), and thereby reversing a decision of the Zoning Hearing Board of Middletown Township (Board). The Board, on February 4, 1980, had granted the appellant a use variance permitting him to conduct weekly public auctions on his property situated at 1561 Woodbourne Road, Levittown, Pennsylvania.

Oser's property is a five-acre parcel of land located in an "R-2" zoning district. Under the Township's Zoning Ordinance the following are permitted uses in an "R-2" zone: single family detached dwellings; buildings of public worship; public and parochial educational institutions; accessory uses on the same lot with and customarily incidential to any of the foregoing permitted uses; and accessory offices of lawyers, clergymen, teachers and other professions of like character, excluding accessory offices of doctors of medicine, osteopathy, dentistry, and practitioners of chiropractics, and other professions of like character.

Situated on the Oser property is his and his wife's personal residence, a garage, and a separate storage building. The use of the latter structure is the subject of the instant case. On or about November 5, 1979, Andrew Oser filed an application for a variance or special exception to use the equipment storage building

as a public auction site one evening every week. The storage building had been constructed by the appellant sometime after 1971 pursuant to a variance for farm equipment storage. That 1971 variance had been granted under a special condition that the building was not to be used for any commercial activity.

On February 4, 1980, the Board completed hearings regarding Oser's new application for a variance. Following those proceedings, the Board granted Oser a use variance, subject to certain conditions, to use the storage building for the weekly public auctions. In granting the variance, the Board had rejected Mr. Oser's assertion that, because he is a licensed auctioner, the proposed use of the storage building for auctions was a permitted accessory use. The basis for the Board's grant was its determination that Oser had shown an unnecessary hardship. The Board's decision was appealed by the Township to the Court of Common Pleas of Bucks County. Mr. and Mrs. Oser intervened as appellees.

The trial court, without taking additional evidence, reversed the Board's decision. Besides pointing out that the Board did not make a sufficient finding as to unnecessary hardship, the trial court's opinion, as we read it, also concluded that no unnecessary hardship had been proved by the instant appellant.[1] We agree that no legal hardship has been shown. Upon reviewing the record, we affirm the trial court's order; and we do so on the able opinion from below by Judge GEORGE T. KELTON, reported at      Pa. D. & C. 3d ( ).

---

[1] Actually, the application before the Board was filed in the name of Andrew Oser and his wife, Janet, and both were named as intervenors in the appeal below. However, in the appeal to this Court only the name of Andrew Oser is given as being the appellant.

### ORDER

AND Now, the 31st day of August, 1983, the order of the Court of Common Pleas of Bucks County dated July 15, 1981, at No. 80-2352-12-5, is affirmed.